John R. Hillsman, Esq. (State Bar No. 71220)
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 421-9292

Attorneys for Claimant
THADD BRUSSEAU

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF TUTOR-SALIBA/KOCH/TIDEWATER, JV,<br><br>    Plaintiff,<br><br>For Exoneration from or Limitation of Liability. | No.  C05 4044 WHA<br><br>E-Filing case<br><br>**STIPULATION PRESERVING TUTOR-SALIBA/KOCH/ TIDEWATER'S  LIMITATION RIGHTS, LIFTING THE STAY AGAINST STATE COURT LITIGATION, AND ABATING THE WITHIN LIMITATION ACTION; ORDER THEREON** |

WHEREAS, Plaintiff TUTOR-SALIBA/KOCH/TIDEWATER, a joint venture, has prayed for limitation and/or exoneration under the Vessel Owners' Limitation of Liability Act ("the Act"), 46 U.S.C. §§ 181 *et seq.*, in connection with

the marine injury involving their vessel, the barge *EM 1146* that occurred on or about July 30, 2004;

AND WHEREAS Claimant THADD BRUSSEAU is the sole limitation claimant herein and wishes to prosecute his claim against Plaintiff TUTOR-SALIBA/ KOCH/TIDEWATER before a jury in the related action filed in the San Francisco Superior Court, entitled *Brusseau vs. Tutor-Saliba/Koch/Tidewater*, case No. 05-440193;

IT IS HEREBY STIPULATED AND AGREED, by the undersigned Plaintiff and Claimant, acting by and through their respective attorneys, that:

(1)  TUTOR-SALIBA/KOCH/TIDEWATER has the right to litigate the issue of whether it is entitled to limitation and/or exoneration from liability under the Act, and the issue of the proper value of the limitation fund in this Court, and this Court has exclusive jurisdiction to determine said issues, including, *inter alia*, the issue of the value of the limitation fund;

(2)  Claimant will not seek a determination of the issues set forth in paragraph (1) above in any proceeding other than this case, and consents to waive any *res judicata* effect the decisions, rulings or judgments of any other forum might have on those issues, and further consents to waive the defense of issue preclusion with respect to all matters reserved for determination by this Court;

(3)   Claimant will not seek to enforce any judgment rendered in any judicial forum, whether against Plaintiff or another person or entity entitled to seek indemnity or contribution from Plaintiff by way of cross-claim or otherwise that would expose TUTOR-SALIBA/KOCH/TIDEWATER to liability in excess of the limitation fund until such time as this Court has adjudicated Plaintiff's right to limit that liability;

(4) In the event this Court determines that TUTOR-SALIBA/KOCH/TIDEWATER is entitled to limit its liability, Claimant will not seek to enforce any judgment which would require Plaintiff to pay damages in excess of the limitation fund; and,

(5)   In the event this Court determines that TUTOR-SALIBA/KOCH/TIDEWATER is entitled to limit its liability, any claim based upon fees and/or costs awarded against Plaintiff and in favor of Claimant will have first priority against the limitation fund.

THE ABOVE IS SO STIPULATED:

Dated: 12/8/05

McGuinn, Hillsman & Palefsky
Attorneys for Claimant
THADD BRUSSEAU

By: _____
JOHN R. HILLSMAN

Dated: 12/9/05

Cox, Wootton, Griffin, Hansen & Poulos
Attorneys for Plaintiff TUTOR-SALIBA/KOCH/TIDEWATER

By: _____ for
RICHARD C. WOOTTON

# ORDER

THE PARTIES HAVING AGREED THERETO, AND GOOD CAUSE APPEARING THEREFOR, it is hereby ordered that the Monition issued by this Court on October 14, 2005 be modified so that:

1) The injunction against State court litigation be and hereby is lifted;

2) The within action be and hereby is abated until such time as the action pending in San Francisco Superior Court under the title *Brusseau vs. Tutor-Saliba/Koch/Tidewater*, case No. 05-440193 is either tried to final judgment, or otherwise resolved.

Counsel for plaintiff in this action shall submit a status report on Brusseau v. Tutor-Saliba/Koch/Tidewater, No. 05-440193, every three months from today's date. Additionally, this order pertains only to Flexifloat Barge EM1010, not barge EM1146, as stated mistakenly in the stipulation.

Dated: December 12, 2005

_____
WILLIAM ALSUP,
UNITED STATES DISTRICT JUDGE

Stipulation Preserving Plaintiff's
Limitation Rights and Lifting Stay

4